WORK MIN. & MILL. CO. v. DOCTOR JACK POT MINING CO.

(Circuit Court of Appeals, Eighth Circuit. February 17, 1915.)

No. 4070.

MINES AND MINERALS ☞38—ACTION TO ESTABLISH EXTRALATERAL RIGHTS—
    CONSTRUCTION OF JUDGMENT—EVIDENCE.

    A judgment for plaintiff in an action to recover the value of ore al-
leged to have been taken by defendant from two veins apexing in plain-
tiff's mining claim, but extending on their dip beyond its vertical side
lines beneath the surface of defendant's adjoining claim, rendered under
a stipulation that only the issue of title and right to possession of "the
veins and ores in controversy" should be tried, leaving the question of
damages to be later disposed of, construed, and held to relate only to the
title and right to possession of the ore in the two veins which were put
in issue by the pleadings, lying beneath the surface of defendant's claim
and within the limits defined by the verdict and judgment, leaving it
open to defendant on the subsequent trial of the issue of damages to show
that a portion of the ore taken from its claim within such limits was
from other veins; and also held, that evidence offered by defendant for
that purpose was material and sufficient to require its submission to the
jury.

    [Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. §§ 87½–
113; Dec. Dig. ☞38.]

In Error to the District Court of the United States for the District of
Colorado; John A. Riner, Judge.

Action at law by the Doctor Jack Pot Mining Company against the
Work Mining & Milling Company. Judgment for plaintiff, and de-
fendant brings error. Reversed.

Charles S. Thomas, of Denver, Colo. (George L. Nye, of Denver,
Colo., and J. L. Bennett, of Colorado Springs, Colo., on the brief), for
plaintiff in error.

William V. Hodges, of Denver, Colo. (Mason A. Lewis and James
B. Grant, both of Denver, Colo., on the brief), for defendant in error.

Before SANBORN, ADAMS, and SMITH, Circuit Judges.

SANBORN, Circuit Judge. This writ of error challenges a verdict
of $400,000 for ores extracted by the Work Mining & Milling Compa-
ny, the defendant below, from Number One vein and the Timber Drift
vein, which had their apices in the Lucky Corner lode mining claim,
which was owned by the Doctor Jack Pot Mining Company, the plaintiff
below, but extended on their dip outside the vertical side lines of the
Lucky Corner claim and beneath the surface of the adjoining Little
Clara lode mining claim, which was owned by the defendant. In its
complaint the plaintiff alleged that it was the owner of the Lucky Cor-
ner lode mining claim, of the Number One vein, and of the Timber Drift
vein, that these veins had their apices in its claim, that these veins ex-
tended on their dip outside the vertical side lines of its claim, that it was
in possession and entitled to the possession of these veins or lodes
throughout their entire depth, but that the defendant entered into and
upon them, ousted the plaintiff therefrom, has ever since held and con-

tinues to hold possession thereof, and that it has extracted therefrom ores of the value of $980,000. In its answer the defendant denied that the plaintiff was the owner of that part of either of the two veins lying outside the vertical side lines of the Lucky Corner claim, denied that the defendant had ousted the plaintiff from the possession thereof or had extracted any ore therefrom, and alleged that it was the owner of the Little Clara lode mining claim, which was senior in location and discovery to the Lucky Corner claim, that the ores it had taken out had been taken from within the vertical side lines of the Little Clara claim, and that they were the property of the defendant.

After the issues had been joined the parties stipulated:

"That the issue of title and ownership and right of possession of the veins and ores in controversy herein shall be alone tried and determined by the court and jury at the trial of said cause about to be had. The issue of damages to the plaintiff shall be reserved for further trial and proceedings, and nothing herein shall be permitted to prejudice or affect said issue of damages, but the same may be thereafter tried, determined, and disposed of in all respects as though this stipulation had not been made."

Accordingly the issues of title and ownership were first tried, and the jury returned a verdict that the plaintiff was "the owner and entitled to the possession of that portion of the Lucky Corner lode mining claim, U. S. Sur. No. 9209, Cripple Creek mining district, Colorado, known and described in the complaint herein as the Number One vein, and in the answer as Lower Forty-Five vein, lode, or ledge, throughout its entire depth, between two vertical planes both parallel to the end lines of said Lucky Corner claim, one drawn through the point where the apex of said vein crosses into the patented surface of said Lucky Corner claim, being at a point south 35 degrees west 60 feet from the southerly corner No. 4 of Little Clara claim, and the other drawn through a point on the western side line 3–4 of the Mountain Monarch claim south 28 degrees 47 minutes west 440 feet from the northwest corner, No. 4, of the Mountain Monarch claim," and that the plaintiff was the owner and entitled to the possession of that portion of the Timber Drift vein throughout its entire depth between two vertical planes parallel to the end lines of the Lucky Corner claim specifically described in the verdict. The vertical planes specified in this verdict, which constitute the northern and southern limits, respectively, of the portions of the veins found to be owned by the plaintiff, will be hereafter called the extralateral planes. After the judgment upon this verdict had been affirmed by this court, the trial of the question of damages was had, and it resulted in the verdict of $400,000 against the defendant, which is now here for consideration.

It is assigned as error that at this second trial the court below excluded evidence tending to show that some of the ore extracted by the defendant from the Little Clara claim between the extralateral planes described in the verdict on the trial of the title was not taken from either Number One vein or the Timber Drift vein, but was extracted from other separate and independent veins within those extralateral planes that were the property of the defendant, that some of this ore was taken from the space of intersection of Number One vein with another vein or veins to which, under section 2336, Revised Statutes, the

ore in this space belonged, and that the court held that the trial, verdict, and judgment on the question of title had finally adjudged that all the ore extracted by the defcndant from beneath the surface of the Little Clara claim between the extralateral planes specified in the verdict on the question of title was, the property of the plaintiff. In support of these rulings counsel for the plaintiff argue: (1) That the stipulation was that the title and ownership of the "veins and ores in controversy" should be determined at the first trial, that the determination thereof involved the location of the apices of the two veins, their continuity from these apices through the vertical side planes of the Lucky Corner claim beneath the surface of the Little Clara claim to their entire depth, and hence through their intersections and the adjudication of the ownership of all the ores beneath the surface of the Little Clara claim between the extralateral planes specified in the verdict on the title, and that all these issues were tried and adjudicated; (2) that, if any of them were not so determined, the defendant might have had them adjudicated at that trial, and is therefore as fully estopped from contesting them as though they had been tried and determined; and (3) that, if these issues were not determined by the trial of the title, the evidence offered by the defendant on the last trial was insufficient to require the court to receive and submit it to the jury.

The record of the trial of the title is in hand, and has been thoughtfully examined and considered in the light of the arguments of counsel. The determining question is: Does that record and the record at the last trial present substantial evidence that at the trial of the title the question whether or not all the ore extracted by the defendant from beneath the surface of the Little Clara claim between the extralateral planes described in the first verdict was tried and adjudged in favor of the plaintiff at the trial of the title? While the stipulation for the trial of the title is that the issue of title and right of possession "of the veins and ores in controversy" shall be first tried, it is also that "the issue of damages to the plaintiff shall be reserved for further trial and proceedings, and nothing herein shall be permitted to prejudice or affect said issue of damages, but the same may be thereafter tried, determined, and disposed of as though this stipulation had not been made." And here in this provision of the stipulation is the answer to the contention that, even if the issue whether or not all the ores extracted from beneath the surface of the Little Clara claim within the extralateral planes was not tried at the first trial, the defendant is estopped from trying it at this trial because it might have been tried at the first. Conceding that such would have been the legal effect of the first trial in the absence of the stipulation, the plaintiff is estopped from maintaining that such is the legal effect of that trial in this case by its stipulation that after that trial of the title the issue of damages shall be tried without any prejudice from the preceding trial and determination of the title. If by the trial of the title the defendant was estopped from contesting the amount of the plaintiff's ore it extracted, although that issue was not tried, by the same mark it would be estopped from contesting the value of that ore and all other questions relative to the amount of the damages, for all these questions might have

been litigated at the trial of the title under the pleadings in this case, in the absence of the stipulation.

We return to the question: Was the issue whether or not all the ore extracted by the defendant from beneath the surface of the Little Clara claim between the extralateral planes of the first verdict actually tried and determined at the first trial? There was no allegation in the complaint that the plaintiff was the owner of all that ore. There was no direct testimony to that effect at the trial. The evidence at that trial was directed to the location of the apices of the two veins, to the continuity of these veins, and to their extension on their dip beyond the vertical side lines of the Lucky Corner claim beneath the surface of the Little Clara claim. There was no evidence of the amount of ore extracted from these veins by the plaintiff, nor of the amount of ore extracted from beneath the surface of the Little Clara claim between the extralateral planes of the first verdict. There was evidence at that trial that there were several other veins besides the Number One vein and the Timber Drift vein beneath the surface of the Little Clara claim and within the extralateral planes of the verdict on the title. But the plaintiff did not allege in its complaint, and the verdict and the judgment did not find or adjudge, that the plaintiff was the owner of all the ore beneath that surface and between those planes, but adjudged that it was the owner of the Number One vein and the Timber Drift vein only throughout their entire depth between the respective extralateral planes specified in the verdict, but, as the judgment took care to declare, "without prejudice to said issue of damages, or the trial and adjudication thereof in this cause." The state of this record, to which we have now briefly referred, has forced our minds to the conclusion that the legal effect of the judgment on the trial of the title was that the plaintiff was the owner of the two veins specified therein throughout their entire depth, that these veins had their apices in the Lucky Corner claim, that on their dip they passed beyond the vertical side lines of the Lucky Corner claim into the Little Clara claim beneath its surface, that the plaintiff was the owner of all the ore beneath the surface of the Little Clara claim between the extralateral planes of the verdict on the title which, under section 2336 Revised Statutes (Comp. St. 1913, § 4644), and the other provisions of law, was the property of the owner of those veins, that the issues whether or not it was the owner of all the other ore under the surface of the Little Clara claim between the extralateral planes mentioned, whether or not it was the owner of the ore in other veins than these two or in the spaces of intersection of other veins by those veins within the limits specified above, what the amount and value of the ore of the plaintiff which the defendant had extracted were, were not actually tried or determined by the trial, verdict, and judgment regarding the title, and the defendant is not estopped from litigating those issues on the trial of the question of the plaintiff's damages in this suit.

This conclusion has not been reached without a consideration of the fact that the defendant made a motion for a new trial of the issue of title on many grounds, some of which were that no provision was made in the verdict for reserving to the defendant that part of Number One

vein and the ores therein occurring at the space of intersection thereof with the Basalt or Flat vein and the ores in the veins other than the Number One or Timber Drift veins. But as these questions were not, in our opinion, tried or adjudged by the trial and judgment of the title to the two veins, but were expressly reserved for future trial by the stipulation, the denial of the motion for the new trial was not inconsistent with the view which has already been expressed. The fact that in the last trial of this case the plaintiff excluded from the ores whose value it sought the ore which the defendant extracted from a vein in the Little Clara claim between the extralateral planes of the verdict on the title called the east and west vein indicates that there was a time during the last trial when the plaintiff had not fully decided that the earlier trial had adjudged that all the ores in the Little Clara claim between those extralateral planes were its property. The record satisfies that the view which the plaintiff then had was correct.

Was the evidence offered by the defendant sufficient to require its submission to the jury? The plaintiff produced testimony of the amount of the ore extracted by the defendant from the Little Clara lode mining claim within the extralateral planes of the verdict on the title, deducted from the amount of that ore about 400 tons taken from the east and west vein, and claimed a verdict for the value of the remainder. Thereupon the defendant offered testimony tending to prove that, of the ores extracted by the defendant and its lessees from within the limits just stated, many thousands of tons were derived from separate and distinct veins other than the Number One or the Timber Drift, and that several thousand tons were taken from the space of intersection of the Number One vein with the Basalt or Flat vein, which latter vein the defendant contended was prior in title to the veins of the plaintiff. All this testimony was rejected. There can be no doubt that if, as has been determined, the defendant was not estopped by the trial and judgment regarding the title from litigating the question of the amount and value of the ore it extracted from the plaintiff's two veins, this evidence was both material and sufficient to present an important issue for the determination of the jury, and that it was error to reject it.

There are other alleged errors in the record, but those already considered necessitate a reversal of the judgment and the presentation of evidence upon new issues, which may avoid the present legal issues and raise others at the coming trial. In view of this fact, it is thought useless to prolong this opinion.

Let the judgment below be reversed, and let the case be remanded to the trial court, with directions to grant a new trial.